IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH GREGORY LASTER,
    Plaintiff,

vs.                                                   Case No: 5:05cv222/SPM/MD

ASSISTANT WARDEN VARNES, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Washington Correctional Institution, has filed an amended civil rights complaint (doc. 41) and a motion for temporary restraining order (doc. 45). In a separate order entered this day, plaintiff has been directed to submit a second amended complaint because his amended complaint improperly joins nineteen defendants and several unrelated claims. In the instant motion for TRO, plaintiff requests an order requiring the defendants in this action "to stop harrassing [sic], retaliating and subjecting plaintiff to mental cruelty and cruel and unusual punishment" (doc. 45, p. 1). In support of his motion, plaintiff states that his current work supervisor Mr. White (one of the defendants) is "pressuring" plaintiff due to the filing of this civil rights action, and that another officer (Officer Speights who is not a named defendant) did not reply to plaintiff's grievance requesting a job reassignment from Mr. White's "outside grounds crew." Attached to plaintiff's motion is a copy of said grievance. The grievance contains a response approving plaintiff's request for a job reassignment (doc. 45, Attach., Informal Grievance dtd. 3/6/06).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce*

*Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

>  1. There is a substantial likelihood that plaintiff will prevail on the merits;
>
>  2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
>
>  3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and
>
>  4. The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See in re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Because plaintiff's request for a work reassignment was approved and he will no longer be working under Mr. White, plaintiff has not established that there exists a substantial threat that he will suffer irreparable injury if the injunction is not granted.  Additionally, because it is undetermined which claims against which defendants plaintiff will be pursuing in this action and, correspondingly, whether the claim he does pursue states a viable claim for relief, this court cannot say there is a substantial likelihood plaintiff will prevail on the merits.  Therefore, the motion for a temporary restraining order should be denied.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for temporary restraining order (doc. 45) be DENIED.

At Pensacola, Florida, this 13th day of April, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).