**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**JOSEPH GREGORY LASTER,**
**Plaintiff,**

**vs.** **Case No: 5:05cv222/SPM/MD**

**ASSISTANT WARDEN VARNES, et al.,**
**Defendants.**

---

**REPORT AND RECOMMENDATION**

**Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 60). Upon review of the amended complaint, the court concludes that plaintiff failed to exhaust his administrative remedies with respect to a number of claims. In addition, it is evident that the facts as presented fail to support a viable claim for relief against some of the named defendants. Therefore, dismissal of several claims is warranted.**

**BACKGROUND**

**Plaintiff is a state inmate currently incarcerated at Washington Correctional Institution ("Washington CI"). He names twelve defendants in this action, all corrections officials at Washington CI: Assistant Warden Varnes, Captain Hollford, Dr. Hughes, Head Nursing Supervisor Mitchell, Mental Health Officer Whitfield, Officer Sergeant Moore, Nurse Ivey, Nurse Hall, Assistant Warden Payne, Sergeant Mayo, Work Supervisor White and Doctor Ciungu. Plaintiff's factual allegations concern the failure of Washington CI staff to provide adequate medical care for a**

**hand injury plaintiff sustained during a fight on September 2, 2004;[1] the failure of Washington CI staff to accommodate plaintiff's injury;[2] and the denial of plaintiff's grievances.[3] In the "Statement of Claims" section of the amended complaint, plaintiff simply identifies the Eighth, Fifth and Fourteenth Amendments, without delineating the particular facts which relate to each claim. As relief, he seeks monetary damages.**

**DISCUSSION**

**Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case (or particular claims therein) if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under § 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's second**

---

[1]These allegations involve defendants Ivey, Hall, Hollford, Whitfield, Dr. Hughes, Mitchell and Dr. Ciungu.

[2]These allegations involve defendants Moore, Dr. Ciungu, White and Mayo.

[3]These allegations involve defendants Varnes and Payne.

**amended complaint, the court concludes that several of plaintiff's claim should be dismissed.**

**<u>Failure to Exhaust Claims Against Defendants Hollford, Whitfield, Mitchell, Moore, White and Mayo</u>**

**Title 42 U.S.C. § 1997e provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[4] Exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S.Ct. at 1825. The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, as the United States Supreme Court recently**

---

**[4]The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:**

**(1) to avoid premature interruption of the administrative process;**
**(2) to let the agency develop the necessary factual background upon which decisions should be based;**
**(3) to permit the agency to exercise its discretion or apply its expertise;**
**(4) to improve the efficiency of the administrative process;**
**(5) to conserve scarce judicial resources;**
**(6) to give the agency a chance to discover and correct its own errors; and**
**(7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."**

***Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).**

**held, the PLRA not only requires exhaustion, but "proper exhaustion," so that the agency addresses the issues on the merits. *Woodford v. Ngo*, --- S.Ct. ---, 2006 WL 1698937, at *5, *7 (U.S. June 22, 2006). Based on the foregoing, this court must dismiss a claim if it determines that plaintiff failed to properly exhaust his administrative remedies with respect to that claim prior to filing suit. *Woodford, supra*; *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander v. Hawk*, 159 F.3d at 1325-26.**

**The Florida Department of Corrections provides a three-level administrative grievance procedure for prisoner complaints. This procedure includes an informal grievance, a formal grievance and an appeal to the Office of the Secretary. *See* FLA. ADMIN. CODE rr. 33-103.005 to 103.007 (2003).**

**In the instant case, plaintiff was advised on the complaint form of the exhaustion requirement, that he must submit copies of all grievances, appeals and responses with the complaint to verify exhaustion, and that failure to demonstrate exhaustion may be grounds for dismissal. (Doc. 60, p. 3). In response to questions on the complaint form concerning exhaustion, plaintiff indicated that he submitted an informal grievance, a formal grievance and an appeal to the Office of the Secretary with regard to his claims, referring the court to Exhibits A, B and C, respectively. (*Id.*). Attached to the amended complaint, however, are thirty-two pages of grievances and responses, none of which are identified by exhibit numbers. Nor does plaintiff delineate which grievance relates to which claim. Nonetheless, the court has reviewed all of the grievances attached to plaintiff's second amended complaint in order to determine whether each claim raised in the complaint was properly exhausted prior to the filing of this lawsuit. The undersigned concludes that even reading plaintiff's second amended complaint and attachments in a light most favorable to him, he failed to exhaust his administrative**

**remedies with respect to his claims against defendants Hollford,[5] Whitfield,[6] Mitchell,[7] Moore,[8] White and Mayo.[9] Accordingly, dismissal of these claims without prejudice is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).[10] The court emphasizes that its finding at this preliminary stage that plaintiff failed to exhaust particular claims does not foreclose the possibility that plaintiff will ultimately be found to have failed to exhaust other claims that were allowed to proceed to service.**

**Failure to State a Claim Against Defendants Varnes and Payne**

**Plaintiff seeks to impose § 1983 liability against Assistant Warden Varnes and Assistant Warden Payne because they denied his grievances and failed to act on his complaints even though they were aware (through plaintiff's grievances) of the other defendants' alleged misconduct. These claims must fail. Prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on a theory that failure to act constituted an acquiescence in the**

---

**[5]Plaintiff claims that defendant Hollford violated his rights when he denied plaintiff a medical emergency at a disciplinary report hearing. (Doc. 60, p. 11). None of the grievances attached to the second amended complaint grieve this specific conduct.**

**[6]Plaintiff claims that defendant Whitfield violated his rights because, during a mental health counseling session with plaintiff, she told plaintiff she would relate his complaints of pain to his sergeant, "but she didn't return." (Doc. 60, p. 12). None of the grievances attached to the second amended complaint grieve this specific conduct.**

**[7]Plaintiff claims that defendant Mitchell denied plaintiff "the right to check in medical" when the pain medication Dr. Hughes allegedly prescribed was not available for "pick-up." (Doc. 60, p. 13). None of the grievances attached to the second amended complaint grieve this specific conduct.**

**[8]Plaintiff claims defendant Moore violated his rights when she told him that he would be required to put his locker on top of his bunk despite his injury, and when she denied plaintiff's subsequent request for a medical emergency. (Doc. 60, p. 12). None of the grievances attached to the second amended complaint grieve this specific conduct.**

**[9]Plaintiff claims defendants White and Mayo violated his rights afer he questioned them about his job assignment when they acted "unprofessionally," tore up a grievance, became angry with plaintiff, threatened him, "l[ied] on [plaintiff]," pressured plaintiff and placed plaintiff in "lock up." (Doc. 60, p. 17). None of the grievances attached to the second amended complaint grieve this alleged conduct.**

**[10]"A claim that fails to allege the requisite exhaustion of administrative remedies is tantamount to one that fails to state a claim upon which relief may be granted."** ***Rivera v. Allin*****, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted).**

**unconstitutional conduct. *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir. 1999)*, cert. denied*, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); *see also Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim). This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999).**

## CONCLUSION

**Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) with respect to his claims against defendants Hollford, Whitfield, Mitchell, Moore, White and Mayo. Furthermore, liberally construing plaintiff's second amended complaint, his allegations fail to state a claim against defendants Varnes and Payne.**

**According, it is respectfully RECOMMENDED:**

**1. That plaintiff's claims against defendants Hollford, Whitfield, Mitchell, Moore, White and Mayo be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim (failure to exhaust administrative remedies).**

**2. That plaintiff's claims against defendants Varnes and Payne be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim.**

**3. That this matter be remanded to the undersigned for further proceedings on plaintiff's Eighth Amendment claims against defendants Nurse Ivey, Nurse Hall, Dr. Hughes, and Dr. Ciungu.**

**At Pensacola, Florida this 11th day of July, 2006.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**